COMM'RS OF LABETTE COUNTY v. G. W. FRANKLIN.

1. SHERIFF'S FEES; *Mileage on Tax Warrants.* A sheriff is not entitled to mileage on a personal tax warrant returned "no property found."

2. SERVICE OF WRITS; *"Not Found," No Service.* Service of a writ is the actual performance of the duty commanded by it; and when there is no performance of that duty, from whatever cause, there is no service.

*Error from Labette District Court.*

IN February 1874 the county treasurer of Labette county issued to *Franklin,* as sheriff, a large number of tax warrants for the collection of personal-property taxes levied in and for the year 1873. Many of these tax warrants were returned "no property found," etc., and in July 1874, *Franklin* made out and presented to the county board four bills for sheriff's fees on said warrants, as follows: One bill set forth the names of 260 persons against whom tax warrants had been issued, as to each of which persons the warrant was returned "no property found," and upon each warrant the sheriff charged $3.20 as *mileage,* and 25 cents for *return,* making $3.45 on each warrant, or $897 on the 260 warrants. Another bill was for fees on 17 other warrants, on seven of which he had returned "not found," or "gone," and on ten "no goods"— his bill for "mileage" and "return" amounting to $42.45. A third bill was for fees on 18 other warrants, all of which he had returned "no goods," his claim for "mileage" and "return" amounting to $18.45. The fourth bill was for fees on 16 other warrants, on two of which he had returned "not found"—five, "gone"—seven, "no goods,"—one, "dead," and one, "tax remitted by county board," his fees for "mileage" and "return" amounting to $74.35. The total of the four bills was $1,032.25. The county board allowed *Franklin* on the first of said bills the sum of $68.20; on the second, $13; on the third, $7.55; on the fourth, $13, (total $101.75,) and disallowed the balance. (Such allowances were evidently intended by the county board, and counsel for plaintiffs in

error in their briefs so state, as an allowance for making the "return" on each warrant, and for "mileage for the longest distance actually traveled on any batch of warrants.") *Franklin* refused to accept the amounts so allowed, and appealed to the district court, as provided by § 30 of ch. 25 of Gen. Stat. The case on appeal was tried at the November Term 1874 of the district court, D. K., judge *pro tem.*, presiding. A jury was waived. The court found in favor of *Franklin*, and gave judgment in his favor for $1,055.65, being the whole amount of his several claims or bills, with interest — and the *Board of Commissioners* now appeal, and bring the case here on error.

*Willard Davis*, and *A. H. Ayres*, for plaintiffs in error.

*H. G. Webb*, and *W. B. Glasse*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: There is but a single question in this case which requires consideration, and that is, whether a sheriff is entitled to collect mileage on tax warrants which are returned by him indorsed "no property." This is a mere question of the construction of the statute. The sheriff can collect just such fees as the law gives him, whether in the particular case they are adequate compensation for the work done or not. He is entitled to the same fees on tax warrants as on executions. (Gen. Stat., p. 1060, § 128.) He is given for "serving and returning any writ, process, order, or notice, except as hereinafter otherwise provided, for the first person 50 cents; for return of no property found, 25 cents; for every mile necessarily traveled in serving any writ, process, order, venire, or notice, 10 cents." (Gen. Stat., p. 476, § 3.) In § 32, page 485, Gen. Stat., it is provided that "no officer shall receive any fees for constructive services or mileage in any case." These are all the provisions to which our attention is directed, or which seem to bear upon the question. And under them, we think the sheriff is not entitled to mileage where he returns the warrant "no property found." He

cannot be said to have *served* the warrant when he has not found any property upon which to levy it; and *mileage* is only given when he has *served* a writ. There must be an actual service. Nothing is to be taken by construction. Service of a writ, is the actual performance of the duty commanded by it. If that duty is unperformed, there is no service. It matters not what has caused the non-performance, whether the negligence of the officer, or the departure of the party against whom the writ runs, or his want of property, there is still no service. Whether mileage ought to be given to encourage effort on the part of the officer, is a question for the legislature. The function of the courts is not *jus dare*, but *jus dicere*.

The judgment of the court below must be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.