### ELI TITUS v. COMM'RS OF HOWARD CO.

1. SHERIFFS' FEES, *on Tax Warrants.* A sheriff is not entitled to mileage on a personal tax warrant returned no property.

2. ———— He is entitled to a fee of twenty-five cents for such return.

3. ———— Where the warrant is not served because the party against whom it was issued had, prior to its issue, paid his taxes in full to the county treasurer, he is entitled to mileage for the number of miles actually traveled in attempting to serve the warrant.

*Error from Chautauqua District Court.*

TITUS was sheriff of Howard county during the year 1874, and until June 1st 1875, when by the division of said county he became sheriff of Chautauqua county. He presented his claims to the board of county commissioners for fees earned and charged by him on certain tax warrants. The claims were disallowed, and *Titus* took two appeals to the district court. The district court, at the November Term 1875, decided both cases in favor of the county, and *Titus* brings them here for review. The material facts are stated in the opinion.

*J. D. McCue, R. H. Nichols,* and *W. C. Webb,* for plaintiff.

*S. B. Oberlander,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The plaintiff in these two cases (Nos. 721 and 722,) was sheriff of Howard county, and the claims are for fees on personal tax warrants. No service was made of these warrants. The officer claimed mileage, and a fee of twenty-five cents for return of "No goods." The district court decided adversely to both claims, and the plaintiff alleges error. The claim for mileage was properly rejected. *Comm'rs Labette County v. Franklin,* 16 Kas. 450. The fee of twenty-five cents, for return of "No goods," should have

been allowed. Gen. Stat. p. 477, § 3. This is all there is in case No. 722.

In No. 721 this additional fact appears, which it is claimed will affect the question of mileage. The warrants were for the taxes of 1873. The person who was county treasurer that year became a defaulter, and abandoned the office. The tax-roll was also destroyed. Subsequently a new roll was prepared, which by act of the legislature was declared valid, and warrants ordered to be issued upon it, as upon the original. (Laws 1875, p. 153.) Warrants were issued, and placed in the hands of the plaintiff to collect. Two of the parties against whom warrants were thus issued produced receipts, showing the payment to the defaulting treasurer while in office. Of course that defeated any service of the warrant. Hence plaintiff contends that as he could have served the warrant, and attempted to do it, and was prevented only by reason of the fact that the party against whom the warrant ran had already paid his tax, that he is entitled to his mileage, as though he had served it. And this claim seems to us well founded. Officers to whom process for the collection of money is directed, take the chances of finding property, out of which to make the debt; but they have a right, as against the party in whose favor or at whose instance it is issued, to consider the process as valid, and authorizing them to take measures to execute it. If not valid, and not giving the authority to collect, and the defect is chargeable to the party, and by reason thereof the collection is defeated, it would seem clear that the officers would be entitled to fees for what they actually did, just as though the process was valid, and that the party would be estopped from saying that no service had been made of it. Hence we think the sheriff was entitled to mileage on these two warrants.

The judgments in both cases will be reversed, and the cases remanded with instructions to render judgment on the agreed facts in accordance with the views herein expressed.

All the Justices concurring.