## J. M. THRALLS v. THE BOARD OF COMM'RS OF SUMNER CO.

SHERIFF'S FEES, *on Tax Warrants.* A sheriff is not entitled to receive mileage fees for the miles he travels in endeavoring to serve a personal-property tax warrant, where no property is found, and where he makes return of "No property found."

### *Error from Sumner District Court.*

ACTION brought by *Thralls*, sheriff of Sumner county, against the *Board of Commissioners* of that county, to recover certain fees. The opinion states the facts. Trial at the adjourned April Term, 1880, of the district court, and judgment for the defendant. *Thralls* brings the case here.

*E. S. Torrance*, for plaintiff in error.

*Charles Willsie*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by J. M. Thralls, sheriff of Sumner county, Kansas, against the board

of county commissioners of that county, for fees, alleged to be due him for endeavoring to collect certain personal property taxes on tax warrants issued by the county treasurer. Judgment was rendered in the court below in favor of the defendant and against the plaintiff, who brings the case to this court. Counsel for plaintiff in error states the case as follows:

"The facts upon which the controversy depends in this case were submitted, in the form of an agreed case, to the district court of Sumner county for its decision of the questions of law therein involved. These facts may be substantially stated as follows:

"The county treasurer of Sumner county, in the month of January, 1880, duly issued and delivered to the plaintiff in error, as sheriff of said county, a number of personal tax warrants, in due form of law, directing him as such sheriff, to collect certain unpaid taxes for the year 1879. The plaintiff in error, as such sheriff, faithfully and seasonably endeavored to collect said taxes, under and by virtue of said warrants, out of the goods and chattels of the delinquent taxpayers therein named; but after due and diligent search in said county was unable to find any property out of which to make said taxes, or any part thereof, or his fees as such sheriff, or any part thereof, for endeavoring to collect said taxes. In endeavoring to serve each of said warrants the plaintiff in error, as such sheriff, actually and necessarily traveled more than one mile, and the total number of miles actually and necessarily traveled in said county in endeavoring to serve all of said warrants was thirty-six hundred and five. The plaintiff in error, as such sheriff, duly returned said warrants to said county treasurer with his returns respectively indorsed thereon of 'No property found,' and the number of miles traveled by him in endeavoring to serve said warrants respectively, together with his fees therefor as such sheriff."

Upon the hearing of the case, the district court decided in favor of the defendant in error, and rendered judgment against the plaintiff in error, and in favor of the defendant in error, for the costs of the case, taxed at $5.30. The plaintiff in error complains of said decision as erroneous, insists that the judgment of the district court should have been in his favor

for the full amount of his claim, and brings the case here for review.

The following provisions of the statutes are applicable to this case :

"SEC. 92. All taxes on personal property that shall remain due and unpaid on the first day of January, or the first day of July, may be collected in the following manner : The county treasurer shall, between the tenth and fifteenth days of January and July, respectively, issue a warrant under his hand, directed to the sheriff of the county, commanding him to levy the amount of such unpaid taxes, and the penalty thereon, together with his fees for collecting the same, of the *goods and chattels* of the person to whom such taxes were assessed, and to pay the same to the county treasurer, and return such warrant within sixty days from the date thereof." (Comp. Laws 1879, pp. 957, 958.)

"SEC. 3. The sheriff of each county shall receive for his services the following fees, and none other : . . . For every mile actually and necessarily traveled in serving any writ, process, order, venire, or notice, provided no mileage be charged when the distance does not exceed one. mile, ten cents; . . . for collecting, or endeavoring to collect, personal taxes by warrants, the same fees as are allowed by law on executions." (Comp. Laws 1879, pp. 439, 440.)

The only question involved in this case is, whether a sheriff is entitled to receive mileage fees for the miles he travels in endeavoring to serve a personal-property tax warrant, where no property is found, and where the sheriff makes return of "No property found." We must answer this question in the negative. We think it is substantially answered by the decisions in the cases of *Comm'rs of Labette Co. v. Franklin*, 16 Kas., 450, and *Titus v. Comm'rs of Howard Co.*, 17 Kas., 363. The sheriff receives " for collecting, or endeavoring to collect, personal taxes by warrants, the same fees as are allowed by law on executions," "and none other;" and no fees for mileage are allowed by law to sheriffs on executions where no property is found. This last proposition is admitted by counsel for plaintiff in error, but still he claims that fees for mileage must be allowed on tax warrants as well where no property is found as where it is; for if not, then he claims

that the words of the statute, "or endeavoring to collect," must be useless and meaningless. Now, we think that the case of *Titus v. The Commissioners, &c.,* ante, furnishes a good illustration of where said words, "or endeavoring to collect," can have force and application, even where property may be found. Suppose that a tax warrant is issued and levied by the sheriff on the property of the supposed delinquent tax-payer, and he then enjoins the enforcement of the warrant, and shows that he has paid his taxes, or that the supposed taxes mentioned in the warrant are illegal: has not the sheriff in such a case been "endeavoring to collect personal taxes by warrant?" He is not bound to know that such taxes have been paid, or are void. He is bound, however, to know whether the supposed delinquent tax-payer has property subject to the warrant or to a valid tax warrant, and not to travel 3,605 miles in search of property where there is no property. The statute does not give fees for endeavoring to *find property*, but only endeavoring to *collect taxes*. And these taxes must be collected from the *goods and chattels* of the delinquent tax-payer.

The sheriff is "to levy the amount of such unpaid taxes, and the penalty thereon, together with his fees for collecting the same, *of the goods and chattels* of the person to whom such taxes were assessed." (Sec. 92, *supra.*) The statute does not contemplate the sheriff as "endeavoring to collect" the taxes from nothing, but only from the "goods and chattels" of the delinquent tax-payer. The sheriff may endeavor *to find property* if he chooses, but for that he receives no fees; but if he finds the property, then he may endeavor *to collect the taxes* from it, and he is entitled to fees for doing that, whether he succeeds or not, provided any failure on his part is not from his fault.

The judgment of the court below will be affirmed.

All the Justices concurring.