JOHN B. WILCOXSON v. SAMUEL ANDREWS AND CHARLES
J. LOWRIE.

*Execution—Fees of constable—Contract void as against public
policy.*

An agreement between a constable and judgment creditor, for the
payment of a sum in *excess* of the statutory fees allowed for
serving an execution, is void as against public policy; nor can
such officer evade the statute by recovering on a *quantum
meruit. Willemin v. Bateson*, 63 Mich. 309.

Error to Wayne.   (Jennison, J.)   Argued June 16, 1887.
Decided June 23, 1887.

Assumpsit.   Defendants bring error.   Reversed, and judg-
ment entered for defendants (plaintiffs in *certiorari*), with
costs of all the courts.   The facts are stated in the opinion.

*Gurney & Lowrie (James H. Pound*, of counsel), for
appellants and plaintiffs in *certiorari.*

*George R. Shaw*, for plaintiff and defendant in *certiorari.*

MORSE, J.   Wilcoxson brought suit in assumpsit against
the plaintiffs in *certiorari*, before Walter Ross, a justice of
the peace of the city of Detroit, for personal services, under
Act No. 272 of the Local acts of 1885.

His bill of particulars was as follows:

" *Samuel Andrews and Charles J. Lowrie,*
                     To JOHN B. WILCOXSON, Dr.
On or about January 18 and 19, 1886,
       To 1½ days' labor, at $4 _____$6. "

Wilcoxson testified that he was a constable.   Lowrie gave
him an execution to serve, but he told Lowrie that " it was
no use to levy, as the defendant had no more than the law

allowed him." Lowrie then asked him what it would be worth to make the levy, and the constable replied eight dollars. Lowrie then told him to go ahead, and asked the constable to go with him to look over the stock. Wilcoxson went, was gone all the afternoon, and charged two dollars for it. The next morning he went with Lowrie, at his request, and made a levy. Took an inventory, and remained in the store where the goods were until about 11 o'clock A. M. He then went to dinner, leaving a man by Lowrie's direction, in charge of the store and goods. Wilcoxson found appraisers after dinner, and went to Lowrie's office. He was then told by Lowrie that the man left in charge had been dispossessed. He did not relevy, because Lowrie told him he did not wish to. He asked Lowrie for his pay, who said he would see Andrews about it. Lowrie told him that he had an arrangement with Andrews that he (Lowrie) was to have one-half of the proceeds, and pay all the expenses.

Testimony was also given showing that the services rendered by Wilcoxson as constable were worth four dollars per day. Lowrie also testified that in making this arrangement with Wilcoxson he was acting for himself and Andrews. Evidence was also admitted that a bond of indemnity was given by Lowrie and Andrews to the constable, and the bond was admitted as evidence of a joint liability of Andrews and Lowrie for the services of Wilcoxson, as constable, in making the levy.

The execution was introduced in evidence. No return had been made upon it. The execution was issued in a suit where Andrews alone was plaintiff, and ran against one Schuholz as defendant. Lowrie was the attorney of Andrews in the suit against Schuholz.

This justice rendered judgment in favor of the plaintiff for six dollars, and seven dollars costs, including an attorney fee of five dollars, and one dollar costs to the county of Wayne.

The defendants took the case into the circuit court for the

county of Wayne by writ of *certiorari.* The judgment was there affirmed as to the damages, but not as to the attorney fee of five dollars. The costs of the circuit were given to plaintiff.

The judgment is attacked by the plaintiff's in error upon two grounds:

1. It is claimed that Lowrie and Andrews were not jointly liable for these fees.
2. That Wilcoxson had no right of action at all for the recovery of the fees sued for, as the fees for such services are fixed by law, and cannot be enlarged by agreement.

Under the statute all officers are forbidden to "take or receive any other or greater fee or reward" for their services than is allowed them by the laws of this State. How. Stat. § 9035. And the taking or demanding of any greater fee than is allowed by law is not only prohibited but punished. How. Stat. § 9256. See, also, *Burk v. Webb,* 32 Mich. 174, 182; *Peck v. City Nat. Bank of Grand Rapids,* 51 Id. 353.

Wilcoxson did not sue for the fees which the statute allows him, or which would have been his due, under the law, had he proceeded with his levy and returned his execution. He undertook to recover upon an agreement made with Lowrie, or upon the *quantum meruit* for which his services as performed were actually worth. This he could not do. It is against not only the policy of the law, but also the direct bar of the statute, to permit him to recover upon the agreement. Constables cannot be allowed to refuse to serve process unless greater fees are paid or promised them than the law allows. To permit him to recover upon the *quantum meruit* would indirectly bring about the same violation of the statute as if he were allowed to enforce his agreement.

Wilcoxson testified that he did the work under an express agreement, and was also permitted to give evidence of what the services were worth, as if there was an implied agreement that he should be paid what they were worth. This case is

similar in principle to that of *Willemin v. Bateson*, 63 Mich. 309. The contract sued upon here was in violation of public policy and the law.

It is unnecessary to consider the first proposition. The judgments of the circuit and justice's courts must be reversed, vacated, and set aside, and judgment entered here for the defendants (plaintiffs in *certiorari*), with costs of all the courts.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. SHER-WOOD, J., did not sit.