DAVID F. FOLEY v. THOMAS B. PLATT AND CHARLES H. CROSBY.

*Sheriffs—Information as to offenses—Contract—Public policy— Evidence.*

1. It is against public policy for a sheriff to receive compensation from private parties for services rendered in the apprehension of a felon in his own county; citing How. Stat. § 9035; *Wilcoxson v. Andrews,* 66 Mich. 553.

2. In a suit by a sheriff for services rendered in furnishing information and advice leading to the apprehension of persons guilty of a larceny of money belonging to the defendants in another state, one of whom was arrested in the plaintiff's own county with a portion of the money in his possession, the failure to instruct the jury, on the request of the defendants, that it was the duty of the plaintiff, as sheriff, to furnish all of the information in his power touching any offense in his own county, or any crime or stolen property therein, and, for any information as to such matters furnished to the defendant's representative, the plaintiff could not recover, even if the defendants had promised to pay him for the same, is reversible error, the court not having in his general charge covered the subject.

3. The plaintiff having stated generally that he was acquainted with the value of the services he claimed to have rendered, it was competent for him to express his opinion as to their value.

4. In the absence of some customary standard of charges or proof of such standard, it was not competent for the plaintiff to base his judgment as to the value of his services upon the fact that specific rewards may have been from time to time offered in cases corresponding to a greater or less extent with the case under consideration, and, if that was the only basis, some different standard should be adopted, as, for instance, a reasonable *per diem.*

Error to Gogebic.  (Haire, J.)  Argued May 7, 1895. Decided June 4, 1895.

*Assumpsit.* Defendants bring error.    Reversed. The facts are stated in the opinion.

*Winkler, Flanders, Smith, Bottum & Vilas* and *James A. Parkinson,* for appellants.

*M. H. Crocker (C. P. Black,* of counsel), for plaintiff.

MONTGOMERY, J.   The plaintiff sues to recover of the defendants for services rendered in furnishing information and advice leading to the apprehension of persons guilty of a larceny of money belonging to defendants.

It appears from the record that about the 20th of September, 1889, defendants placed as a special deposit with the Exchange Bank of Hurley, Wis., a package containing money consigned to various of defendants' customers, amounting in the aggregate to about $40,000.   The bank was entered on the evening of the same day, and the vault and safe were opened, and nearly all of this money was stolen.   One John Byrne was the general detective of the defendants, and, shortly after the robbery, he visited Hurley, and sent for the plaintiff to meet him at that place, to consult with him with reference to means of apprehending the criminals and recovering the money. The plaintiff testified that he went to Hurley, and that Mr. Byrne, on behalf of the defendants, employed him in this service, and agreed to compensate him therefor; that he sought information upon the subject, which he furnished from time to time to defendants, and advised the defendants' agents as to the proper course to pursue; and that the information finally led to the apprehension of the thieves.   One of them, Baker, was arrested in Ironwood, which is in plaintiff's own county; and a portion of the money, amounting to about $1,400, was recovered of him. He was taken to Wisconsin for trial, and, on the trial, both he and Perrin, the cashier of the bank, who had been arrested in Wisconsin, were convicted.   It does not appear whether any of the money other than the $1,400 found with Baker in Ironwood was recovered.   The

plaintiff was at this time sheriff of Gogebic county. On the trial plaintiff recovered a verdict of $1,500, and defendants bring error. The assignments of error are numerous, but may be disposed of by dealing with three questions; the first relating to the sufficiency of the bill of particulars, the second to the admissibility of the testimony offered to prove the value of the services, and the third to the charge of the court to the jury.

1. We think the bill of particulars was sufficient, and fairly apprised the defendants of the case which they were expected to meet. It sets out the employment, that the plaintiff's advice and opinion were asked, and states various occasions of meetings between plaintiff and Byrne, defendants' representative, and states that advice and information were given them. It also states that, under the employment, he was not to be paid by the day or week or month, but was to be paid the value of his services, advice, and information. The particulars of the employment were sufficiently stated, and the services were detailed with reasonable particularity. We do not think the objections urged under this head should have prevailed.

2. It is insisted that the services for which plaintiff was permitted to recover related to or at least included efforts to apprehend Baker, who, by taken the stolen money into Michigan, was guilty of an offense against the laws of this State, and that it is against public policy to admit of a recovery for such services by the sheriff, whose duty it is to apprehend offenders against the law. It is clear that Baker is guilty of an offense against the laws of Michigan. See How. Stat. § 9177; *People v. Williams*, 24 Mich. 156; *Com. v. White*, 123 Mass. 430. We also think it against public policy for the sheriff to receive compensation from private parties for services rendered in the apprehension of a felon in his own county. How. Stat. § 9035; *Wilcoxson v. Andrews*, 66 Mich. 553. It is evident that the circuit judge recognized this rule of law, but it is insisted that he failed to make it clear to the jury in his charge, and was

in error in omitting to give an instruction asked by the defendants. In that regard the court charged the jury that it was the duty of Mr. Foley at that time, when acting as sheriff of Gogebic county, to perform any services in reference to any crime committed in Gogebic county free of charge. He did not in his charge define to the jury what would constitute an offense in Gogebic county, and failed to give the defendants' third request, which reads as follows:

"It was the duty of the plaintiff, a sheriff of Gogebic county, to furnish all the information in his power touching any offense in Gogebic county, or any crimes or stolen property therein, and, for any information as to such matters furnished to Col. Byrne, the plaintiff cannot recover, even if defendants had promised to pay him for such advice and information."

As applied to the facts of this case, this instruction embodied the law, and should have been given; and, the subject not having been covered by the general charge, the failure to give this instruction is reversible error.

3. Complaint is also made of the plaintiff's having been permitted to testify to the value of his services. He was asked, as a preliminary question, "Do you know what the value of such services as you have testified to is?" This was objected to as incompetent and immaterial, no proper foundation having been laid. The objection was overruled, and he then answered that he did. He was then asked, "What is that value?" and replied, "Well, from the information that I gave, leading to the arrest of Baker, and the money that had been found on him ($1,200 or $1,500), which led to the arrest of other parties, my services ought to have been worth $2,000." He was then asked, in effect, if he meant to limit this to the instructions or advice that had been testified to, and stated that he did.

It is undoubtedly a general rule that a party who renders services is a competent witness to testify as to their value. This results from the fact that, it being in the line

of business of the witness, there is a fair inference that he is acquainted with the value of services of that character; and we think, under the general statement of this witness that he was acquainted with the value of such services, that it was competent for him to express his opinion. It is true that the cross-examination in this case developed the fact that the plaintiff's acquaintance with the value of such services was based upon a meager experience, which, doubtless, very materially affected the weight of the testimony which he gave upon direct examination.

In view of a new trial, it is proper to say that, in the absence of some customary standard of charges or proof of such standard, it would not be competent for a witness to base his judgment as to the value of his services upon the fact that specific *rewards* may have been from time to time offered in cases corresponding to a greater or less extent with the case under consideration. If that were the only basis, some different standard should be adopted; as, for instance, a reasonable *per diem*. In other words, the officer is not justified in fixing peremptorily his own charges, in a case of this kind, after the event; nor is it a case for addition and division. From the record as it is presented to us, it would appear that the jury did not discriminate very closely in fixing the value of the plaintiff's services at the sum which was included in the verdict, and, if the question were properly before us, we should hesitate about permitting a verdict for this amount to stand in such case.

For the error pointed out, the judgment will be reversed, and a new trial ordered.

The other Justices concurred.