RED WILLOW COUNTY v. ISAAC M. SMITH.

FILED JANUARY 21, 1903. No. 12,404.

Commissioner's opinion, Department No. 1.

1. **Officer: FEES: SERVICE RENDERED WITHOUT FEE.** An officer can not charge fees not authorized by statute for services performed, and any service rendered for which no statute authorizes a fee must be performed gratuitously.

2. **Sheriff: DISTRESS WARRANT.** Under the revenue laws of this state, a sheriff in whose hands the county treasurer has placed a distress warrant can not charge the county a fee of fifty cents for a return upon such warrant, "No property found."

ERROR from the district court for Red Willow county. Claim against a county for fees as sheriff, on distress warrants, where no collection has been made. Tried below before NORRIS, J. Judgment on demurrer for plaintiff. *Reversed.*

*W. R. Starr,* for plaintiff in error.

*Webster S. Morlan, contra.*

Syllabus by court; catch-words by editor.

KIRKPATRICK, C.

This is an action brought by defendant in error against plaintiff in error, Red Willow county. The facts sufficiently appear from the petition filed in the district court, the material portions of which are as follows: "On [and] between the 2nd day of February, 1899, and the 4th day of January, 1900, the plaintiff was the duly appointed, qualified and acting deputy sheriff of Red Willow county, Nebraska; that on and between said 2nd day of February, 1899, and the 4th day of January, 1900, there were issued by the county treasurer of said Red Willow county two hundred distress warrants for delinquent taxes; that said distress warrants were, by said county treasurer, duly delivered to the plaintiff as such deputy sheriff for collection; that upon receiving said distress warrants the plaintiff made diligent search for property whereon to levy the same, but was unable to find any property in said county subject to levy under said distress warrants. Thereupon plaintiff indorsed upon each of said distress warrants his return that he was unable to collect the same for want of property upon which to levy, and returned the same to the county treasurer of said county; that at the time of making the return of said warrants as aforesaid, the plaintiff also indorsed upon each of them his fees for making said searches and returns amounting to the sum of fifty cents on each warrant." In addition to the foregoing, the petitioner recited the filing of the claim before the board of county commissioners of the county, and their rejection and disallowance of the claim; a copy of the claim being attached to and made a part of the petition. To this petition plaintiff in error filed a general demurrer, which was by the trial court overruled. Plaintiff in error declining further to plead, and electing to stand upon its demurrer, judgment was entered against the county in favor of defendant in error in the sum of $100 and costs, being the amount prayed for in the petition. The one question presented in this court is the correctness of the action of the trial court

in overruling the demurrer. To determine this question the county prosecutes error to this court.

It is well settled in this state that an officer can charge only such fees for the performance of services as are allowed by law, and that services performed by an officer for which the statute does not expressly authorize a charge must be performed gratuitously. *Stoner v. Keith County,* 48 Nebr., 279; *State v. Meserve,* 58 Nebr., 451. We have made a careful examination of the statute and are unable to find any authority under which the fees recovered by defendant in error in the trial court can be legally collected, either by the county treasurer or the sheriff acting under his direction. The principle involved in this case was before this court in *Kane v. Union P. R. Co.,* 5 Nebr., 105, where it was said: "Under the revenue laws, a collector of taxes has not the right to demand and receive from the taxpayer the commissions and five per cent. penalties, unless he has made a 'distress and sale' of the taxpayer's property in payment of his taxes. A mere levy and payment without sale do not entitle the officer to these penalties." In that case a levy had been duly made upon personal property of the delinquent tax debtor. Payment was afterwards made by him and the levy discharged. It was held that the sheriff was not entitled to the commissions and the penalties unless in addition to making a levy he had also made a sale. Whether a deputy sheriff, such as defendant in error alleges himself to be, could recover fees from the county in any case without averments in his petition in addition to those set out, may well be doubted; but it is clear that under the statute and the state of facts as disclosed by the petition, even the sheriff, to whom the distress warrants might properly have been delivered, would not be entitled to compensation from the county for a return made upon such warrants that no property had been found. Experience has demonstrated that a large amount of personal-property taxes is never collected. This was in contemplation of the legislature when it made provision for relieving the county treasurer

and his bondsmen under certain circumstances from liability for failure to collect such taxes. It is very apparent that if a county treasurer were permitted to issue distress warrants against persons who were unable to pay their personal-property tax, many of whom might not even be residents of the state, much less residents of the county at the time the distress warrant was issued, and charge up to the county a fee of fifty cents for making a return upon such warrant that no property was found, it would lead to consequences not contemplated by the legislature. An arrangement like this would be to offer a premium to the county treasurer to increase his own fees at the expense of the public without increasing the public revenues; and if the county treasurer could not himself charge such fees, it is apparent that a sheriff, to whom such distress warrants had been delivered, could not. It is clear that the petition wholly fails to state a cause of action. The demurrer should have been sustained. The judgment of the trial court in overruling the same is wrong. It is therefore recommended that the judgment be reversed and the cause remanded.

Hastings and Lobingier, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.

Note.—*Fees of Sheriff—Justice of the Peace.*—A public officer who is paid solely by fees takes and holds his office *cum onere;* that is, he accepts his office with its benefits and burdens. He can claim no compensation for any service not specifically provided by statute. The law recognizes no compensation as reasonable, where the statute provides none. In some cases the rule may operate harshly, but the remedy, if any is needed, rests with the legislature alone. The court has no power either to make or amend fee-bills. Murfree, Sheriffs, sec. 1082*a*. Fees of a sheriff are purely statutory; that officer received no fees at common law; hence an action will not lie, at the instance of a sheriff, for a recovery *quantum meruit*, for fees; and an agreement between a constable and judgment creditor, for the

payment of a sum in excess of the statutory fees allowed for serving an execution, is void as against public policy. *Wilcoxson v. Andrews*, 66 Mich., 553. See, also, *State v. Kinne*, 41 N. H., 238.

In Michigan a justice of the peace agreed with an attorney that he would charge no fees in certain cases, unless the judgment was collected. The justice afterward sued the client for fees in sundry suits. Verdict and judgment for defendant. On review the court said: "We entirely agree with the claim that such a contract is in direct violation of public policy. It was an agreement which made plaintiff's right to fees depend on whether or not he gave judgment for the party suing before him. It would be difficult to conceive any more palpable violation of judicial duty. But it is a remarkable claim that, where work is done under such a contract, the contract may be treated as null, and the services regarded as rendered properly. No one can use a void contract as a means of getting better terms than he could have claimed under it. The whole transaction is covered by the same taint, and must be treated as beyond the protection of courts of justice." *Willemin v. Bateson*, 63 Mich., 309, 311. This case was cited with approval in *Wilcoxson v. Andrews, supra*. It is plain to any lawyer that the gist of the holding in *Willemin v. Bateson* is that a justice of the peace, who agrees with a party plaintiff to claim no fees unless the judgment is collected, can collect no fees at all. As such agreements are not unusual, this case should be observed with care.

A sheriff or regular constable who holds a warrant for the arrest of an offender, can not recover a reward offered for his apprehension. This is on the principle that it is against public policy to allow any man to recover a reward for doing his duty as a public officer. Murfree, Sheriffs, sec. 1090, and authorities cited in note.

A constable of Le Sueur county, Minnesota, received a warrant delivered to him by a justice of the peace and, as such constable, traveled 800 miles in pursuit of a criminal, for the purpose of arresting him, but failed to apprehend the criminal. Thereafter plaintiff duly presented a verified bill for $80, for such services, which was disallowed by the board of county commissioners. The case was before the supreme court. Gilfillan, C. J., delivered the opinion, and said, *inter alia:* "As he [the constable] is required to make diligent endeavor to serve any warrant placed in his hands, his duty is not to be measured by his success. Traveling in making such endeavors when he is unable to make service is a similar service to traveling when he succeeds, and it is just as much his duty to perform it, and when performed in good faith he is in justice as much entitled to compensation for it." *Davis v. County of Le Sueur*, 37 Minn., 491, 492, 35 N. W. Rep., 364. Under the Minnesota statute, a constable was entitled to ten cents a mile for "traveling in making any service upon any writ or summons." See General Statutes of Minnesota (1878), chapter 70, section 11. The penal Code of Minnesota, sections 104, 105, makes willful neglect or refusal in any such officer to perform his statutory duty a misdemeanor. The statute

regulating the fees of a Minnesota constable, did not expressly allow mileage, whether the warrant be served or not. Compare the Minnesota with the Nebraska statute.

A sheriff is not entitled to mileage on a personal-tax warrant returned *no property found*. Service of the writ is the actual performance of the duty commanded by it; and when there is no performance of the duty, from whatever cause, there is no service. *Labette County v. Franklin*, 16 Kan., 450; Brewer, J. The Kansas statute provided fees for *service and return*, and that no officer shall receive any fees for constructive services or mileage in any case. A subsequent opinion* by the same judge allowed twenty-five cents for *a return of personal-tax warrant no property found*, but disallowed mileage, citing his former opinion in *Labette County v. Franklin, supra*. *Thralls v. Sumner County*, 24 Kan., 594, opinion by Valentine, J., reaffirms the former decisions.

Section 9 of the Statutes of 1869-70, page 148, which provides that the sheriff may charge "for mileage in any criminal case or proceeding," does not authorize him to charge mileage for other traveling than that which is expressly mentioned in the statute, but simply fixes the rate which may be charged when mileage is allowed by any other law or statute; the statute does not allow mileage for traveling in different directions in looking for one charged with a crime, who is not arrested. *Broughton v. Santa Barbara County*, 65 Cal., 257.

A constable is not entitled to fees for traveling to serve a criminal warrant, unless the service is actually made, though the party sought to be arrested can not be found. The rule is probably without exception that no fees are allowed to any officer for traveling to serve process unless the service is actually made. The principle is entirely settled, and it is one of sound policy. It excites to vigilance and fidelity, whereas the opposite rule would afford a strong temptation to remissness and fraud. *Ex parte Wyles*, 1 Denio [N. Y.], 658.

Under a statute fixing the sheriff's fee "for traveling to serve criminal process; at ten cents per mile for every mile actually traveled," the sheriff can not charge, in addition to such statutory fee, for personal expenses, hotel bills, railroad fare, team hire, etc., while traveling to serve criminal process. *Crocker v. Brown County*, 35 Wis., 284.—W. F. B.