REQUESTED BY: Harry `Pete' Peterson, Director of the Department of Motor Vehicles
1. Does Section 60-305.09, or any other Nebraska statute, provide for the proportional registration of trailers or semi-trailers for Nebraska based apportioned carriers? If so, is the registration fee in lieu of motor vehicle taxes?
2. If such a provision does not exist, how would these trailer units be registered to properly operate on the public streets and highways?
3. If it does provide for the proportional registration of trailers, are these vehicles exempt from the assessment of motor vehicle taxes as provided in Sections77-1241.02-77-1241.09?
4. What effect would LB 383 of the First Legislative Session of the Eighty-Seventh Legislature have, if any, upon the registration and/or taxation of Nebraska based interstate fleets (power units and/or trailers)?
1. No.
2. In the absence of any other provision, registration would be pursuant to Neb.Rev.Stat. §§ 60-334 and 60-302.
3. Under the present statutes, trailers and semitrailers forming a part of an apportional fleet pursuant to Neb.Rev.Stat. § 60-305.09 are not exempt from motor vehicle taxes.
4. LB 383 does not clearly provide for either the proportional registration or tax exemption of trailers and semi-trailers forming part of a fleet in that it creates a conflict with the provisions of the International Registration Plan (IRP).
1. Section 60-305.09 provides for the proportional registration of fleets of vehicles operating in interstate commerce `in lieu of' the general registration provisions contained in Neb.Rev.Stat. §§ 60-301 to 60-344. Section 60-305.09 provides in relevant part:
 Any owner engaged in operating a fleet of apportionable commercial vehicles in this state in interstate commerce may, in lieu of registration of such vehicles under the general provisions of sections 60-301 to 60-344, register and license such fleet for operation in this state by filing a sworn statement with the Department of Motor Vehicles, which shall be in such form and contain such information as the department shall require, declaring the total mileage operated by such vehicles in all states and in this state during the preceding year and describing and identifying each such vehicle to be operated in this state during the ensuing license year. The application shall be accompanied by payment of the registration fee determined as provided in this section. Upon receipt of such statement, the department shall determine the total fee payment which shall be equal to the amount obtained by applying the proportion of in-state fleet miles to total fleet miles, as reported in said states, to a fee of thirty-two dollars per ton based upon gross vehicle weight, and shall notify the applicant of the amount of any additional payment required to be made. Mileage operated in noncontracting reciprocity states by vehicles based in Nebraska shall be applied to the portion of the formula for determining the Nebraska in-state fleet miles.
It is clear that fees paid pursuant to this section are determined on the basis of mileage operated by the vehicles so registered. Your particular question necessarily involves a definition of the phrase `apportionable commercial vehicles' as used in the statute. Section 60-301(23) defines `apportionable vehicle' as:
 Any vehicle used in two or more jurisdictions that allocate or proportionally register vehicles and are used for the transportation of persons for hire or designed, used, or maintained primarily for the transportation of property, . . . . Such vehicle shall either (a) have a gross vehicle weight in excess of twenty-six thousand pounds, (b) have three or more axles, regardless of weight, or (c) be used in combination when the weight of such combination exceeds twenty-six thousand pounds gross vehicle weight. Vehicles, or combinations thereof, having a gross vehicle weight of twenty-six thousand pounds or less and two-axle vehicles may be proportionally registered at the option of the registrant; . . . .
There is no specific reference to trailers or semi-trailers in the definition. Further, in defining the vehicles, the language implies that trailers and semi-trailers are excluded. The definition lists three specific types of vehicles: (a) those having a gross weight in excess of twenty-six thousand pounds, (b) those having three or more axles regardless of weight, or (c) those vehicles beingused in combination when the weight of such combination exceeds twenty-six thousand pounds gross vehicle weight. It would appear that all three sections deal with a towing unit or power unit. However, in the case of (c), a towing or power unit could qualify for apportional registration when operated in combination with a trailer or semi-trailer if the combination is in excess of twenty-six thousand pounds gross vehicle weight.
The above interpretation is in accord with the definitions contained in the International Registration Plan (IRP), of which the State of Nebraska is a member. Article II.B. of that plan defines `apportionable vehicle' as follows:
 B. `Apportionable Vehicle' means any vehicle, except recreational vehicles, vehicles displaying restricted plates, city pick up and delivery vehicles, buses used in transportation of chartered parties, and government-owned vehicles, used, or intended for use, in two or more jurisdictions that allocate or proportionally register vehicles and is used for the transportation of persons for hire or designed, used or maintained primarily for the transportation of property and:
 1. is a power unit having a gross vehicle weight in excess of 26,000 pounds; or
 2. is a power unit having three or more axles, regardless of weight; or
 3. is used in combination, when the weight of such combination exceeds 26,000 pounds gross vehicle weight.
 Vehicles, or combinations thereof, having a gross vehicle weight of 26,000 pounds or less and two-axle vehicles may be proportionally registered at the option of the registrant.
(Emphasis supplied).
The entire concept underlying the IRP and proportional registration is the assessment of fees in relationship tomileage operated in member jurisdictions. The mileage is necessarily accrued by the registered vehicles, those being the power or towing units.
Therefore, in partial response to Question 1, it appears that Neb.Rev.Stat. § 60-305.09 provides only for the registration of power units, and does not provide for the registration of trailers or semi-trailers which are part of an apportioned fleet. You have also asked whether any other Nebraska statute provides for the proportional registration of trailers or semi-trailers for Nebraska based apportioned carriers? Our research does not disclose any such provision.
2. In the absence of a provision for proportional registration of trailers or semi-trailers, the only applicable Nebraska statute for commercial trailers and semi-trailers is section 60-334 which provides in part: `For registration purposes a tractor and semitrailer unit and a commercial trailer shall be considered as separate units. . . . Each semitrailer and each commercial trailer shall be registered upon the payment of a fee of one dollar.' Application for registration would be made in the county in which the owner resides, is domiciled, or conducts a bona fide business pursuant to section 60-302. Upon receipt of valid registration credentials, these trailers or semi-trailers could then be operated in combination with properly registered apportionable vehicles pursuant to section 60-305.09.
3. Neb.Rev.Stat. § 77-202(5) provides: `Motor vehicles registered under section 60-305.09 and paying a registration fee in lieu of taxes shall be exempt from payment of ad valorem taxes.'
Section 60-305.09 provides for a registration fee `in lieu of taxes' upon apportionable commercial vehicles. However, as concluded in this opinion, trailers and semitrailers do not fall within the definition of an `apportionable commercial vehicle.' Therefore, they may not properly be registered under that section. The exemption contained in section 77-202(5) applies only to motor vehiclesregistered under section 60-305.09 and paying a feein lieu of taxes. Trailers and semi-trailers which form a part of an apportioned fleet of vehicles meet neither of these prerequisites under our present statutory scheme.
4. LB 383 amends the definition of an apportionable vehicle as contained in section 60-301(23) as follows:
`Apportionable vehicle shall mean any vehicle, which shallinclude a truck or truck-tractor and any trailer, semitrailer,or combination thereof, used in two or more jurisdictions that allocate or proportionally register vehicles. . . .' Section 77-202(5) is likewise changed to read:'
Apportionable vehicles registered under section 60-305.09 and paying a registration fee in lieu of taxes shall be exempt from payment of ad valorem taxes.'
It should be noted that the new definition of `apportionable vehicle' is now in conflict with the definition contained in the IRP as previously set out. However, the following language (which closely parallels that of the IRP) remains: `Such vehicle shall either (a) have a gross vehicle weight in excess of twenty-six thousand pounds, (b) have three or more axles, regardless of weight, or (c) be used in combination when the weight of such combination exceeds twenty-six thousand pounds gross vehicle weight.' Therefore, there is an internal conflict within the amended definition as well.
A further problem is posed by the attempt to include both Nebraska based trailers and semi-trailers as well as non-resident trailers within the proportional registration provisions of section 60-305.09. In the first instance, an examination of the IRP agreement and its explanatory notes as well as Nebraska statutes indicates that only powerunits are to be registered pursuant to the Plan. While it is possible to provide for proportional registration of Nebraska based trailers and semi-trailers, LB 383 does not adequately distinguish between resident and non-resident trailers, nor does it provide for any fee structure for these vehicles.
While not specifically treating your question regarding the effect of LB 383 on the tax status of trailers and semitrailers, we would comment that the present statutory language in section 77-202 provides for an exemption for vehicles registered pursuant to section 60-305.09 and paying a registration fee in lieu of taxes. An attempt has been made to include trailers and semi-trailers (forming part of a fleet) within this tax exemption. However, it does not appear under LB 383 (or present statutes) that these vehicles are paying a registration fee in lieu of taxes.
In order for this opinion to be complete, it is necessary to address another issue. It has come to our attention that for a number of years the Department of Motor Vehicles has `registered' trailers and semi-trailers which are part of an apportionable fleet, and have charged a fee of $1.00 for this `registration.' As set forth in this opinion, it is our conclusion that section 60-305.09 does not provide for such a registration. It is fundamental that the Department may only register vehicles in the manner provided for by statute.
 An administrative board has no power or authority other than that specifically conferred by statute or by a construction necessary to accomplish the plain purpose of the act. (Citations omitted).
 "An administrative agency cannot enlarge its own jurisdiction nor can jurisdiction be conferred upon the agency by parties before it. Accordingly, it is held that deviations from an agency's statutorily established sphere of action cannot be upheld because based upon agreement, contract, or consent of the parties, nor can they be made effective by waiver or estoppel."
Transport Workers of America v. Transit Authority of Cityof Omaha, 205 Neb. 26, ___ N.W.2d ___ (1979). Similarly, our research does not disclose any statutory authority for the imposition of the fee of $1.00. It is well settled in this state that an officer may only charge such fees as are allowed by law. Red Willow County v. Smith, 67 Neb. 213
(1903).
The question necessarily arises as to what effect should be given the Department's practice of registering these vehicles and charging a fee. In general, administrative interpretations, although not given the force of statutory authority or law, are entitled to consideration and weight, particularly where the interpretation has been long-continued. However, mere usage alone cannot be invoked to invest administrative agencies with authority or powers not clearly within their legislative grant. Accordingly, the fact that unlawful, unfair, or other improper practices are of long standing does not require their sanction or prohibit their abolishment by a regulatory board or commission. 73 C.J.S. Public Administrative Bodies and Procedure, §§ 48 and 69. `In dealing with an administrative agency's interpretation of its regulations, this court must give considerable deference to the agency's interpretation. . . . However, an interpretation which is `plainly erroneous or inconsistent with the regulation' must be reversed.' Columbus CommunityHospital, Inc. v. Califano, 614 F.2d 181 (1980).
It does not appear that the instant situation is one in which the Department has made an interpretation of an ambiguous statute. Rather, it has acted outside the scope of its authority. While there may very well be a void in the registration provisions for the vehicles in question, it must be remembered that the plain provisions of a statute cannot be altered by administrative action, no matter how long it has existed or been exercised by the administrative authority.Nishnabotna Valley Rural Elec. Coop. v. Iowa P. andL. Co., 161 N.W.2d 348 (1968). See, also, Saso v.Furtado, 232 P.2d 583 (1951). Therefore, it is our opinion that the purported registration of these vehicles by the Department is unsupported by statutory authority and should be discontinued. The practice of the Department over a number of years is not conclusive of the validity of its actions. Neither should the Department be estopped from changing its procedure. In reaching a similar conclusion, the Court inRailroad Commission v. Red Arrow Freight Lines, 96 S.W.2d 735
(1936) stated:
 Nor can mere usage be properly invoked to invest state officials or administrative boards with authority or powers not fairly or properly within the legislative grant. As was pointedly said by Mr. Justice Brewer in Interstate Commerce Commission v. Cincinnati N. O. T. P. R. Co., 167 U.S. 479, 17 S.Ct. 896, 904, 42 L.Ed. 243: `It is urged that the commission has decided that it possesses this power, and has acted upon such decision, and an appeal is made to the rule of contemporaneous construction. But it would be strange if an administrative body could by any mere process of construction create for itself a power which congress had not given to it.'
We do note that a reference is made in section 60-305.03(1) to vehicles registered as provided in section 60-305.09:
 Provided, that the owners of all foreign trucks, truck-tractors, semitrailers, trailers, or buses, doing intrastate hauling in this state, shall be required to pay the same registration fees as those required to be paid by residents of this state, unless such vehicles are registered as part of a fleet in interstate commerce, as provided in section 60-305.09.
While a cursory reading of the above sentence would seem to imply that trailers and semi-trailers might be registered under section 60-305.09, it is our conclusion that the above quoted language deals with the reciprocal treatment of nonresident vehicles, and does not expressly provide or imply that trailers and semi-trailers can be registered under section 60-305.09. This conclusion is further evidenced by section 60-305.03(4) which provides that:
 Where a trailer or semitrailer has been duly registered in any jurisdiction, no registration or license fee therefor shall be required in this state when such trailer or semitrailer is operated in combination with any truck or truck-tractor properly licensed or registered in accordance with this act or agreements, or declarations pursuant to this act.
Very truly yours, PAUL L. DOUGLAS Attorney General Ruth Anne E. Galter Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General